902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jerome H. LEMELSON.
 No. 89-1745.
 United States Court of Appeals, Federal Circuit.
 April 4, 1990.
Rehearing Denied May 1, 1990.
 
 Before NIES, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and JOHN C. LIFLAND,* District Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Jerome H. Lemelson appeals from the decision of the United States Patent & Trademark Office Board of Patent Appeals and Interferences. That decision entered new grounds of rejection for claims 1-6, 8-10, and 12-14 and affirmed the examiner's rejection of claims 15, 16, and 20 under 35 U.S.C. Sec. 103 (1982) as obvious in view of the prior art. We affirm.
 
 OPINION
 
 2
 We find no error in the board's entering of the new grounds for rejection of claims 1-6, 8-10, and 12-14 under 37 C.F.R. Sec. 1.196(b) (1989). Lemelson asserts the board's rejection was not "new" because the examiner had previously withdrawn the same rejection, and therefore, the rejection was beyond the board's authority under section 1.196(b). We disagree. The grounds for rejection were not involved in the appeal and, thus, were "new." That Lemelson had to expend resources in an attempt to overcome the rejection again does not violate his rights to "due process." In effect, Lemelson is arguing that the board is estopped by the examiner's action, a view we find untenable.
 
 
 3
 As to the substantive grounds of rejection for claims 1-6, 8-10, 12-16, and 20, the Garin and Resener references are in fields of analogous art, both references being related to the material removal arts to which the present invention pertains. See Stratoflex Inc. v. Aeroquip Corp., 713 F.2d 1530, 1535, 218 USPQ 871, 876-77 (Fed.Cir.1983).
 
 
 4
 That the prior art laser in Resener cannot be physically substituted in the grinding wheel structure of Garin is not persuasive that Lemelson's invention would not have been obvious to one of ordinary skill in the art. See In re Etter, 756 F.2d 852, 859, 225 USPQ 1, 6 (Fed.Cir.) (en banc), cert. denied, 474 U.S. 828 (1985); Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886-87 (Fed.Cir.1985). Resener clearly suggests the use of a laser to remove material from a workpiece where machine grinding was once utilized. References are evaluated for what they reasonably suggest to one of ordinary skill in the art, and not just for their specific teachings. In re Shepard, 319 F.2d 194, 197, 138 USPQ 148, 150 (CCPA 1963).
 
 
 5
 With respect to the multiple laser beam invention claims, Mullaney teaches that multiple laser beams can be used together to sharpen a workpiece, albeit the beams perform two different functions. Concerning the limitations that the beams perform the same function and are projected on different sides, Garin employes grinding wheels on each side of a workpiece for the same function. We also agree with the board that one skilled in the art would have known that the lasers could be used simultaneously on each side of a workpiece.
 
 
 
 *
 Judge John C. Lifland of the United States District for the District of New Jersey, sitting by designation